UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICHARD VANCE CROWLEY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:13-cv-00065-WTL-WGH |
| REBECCA MILLER Physician's Assistant, individual capacities, DAVID PUTHOFF Correctional Lieutenant, sued in their individual capacities, WILLIAM WILSON Medical Physician, individual capacities, | ) |
| Defendants. | ) |

**Entry Granting Motion for Summary Judgment**

Plaintiff Richard Vance Crowley, an inmate of the Federal Bureau of Prisons ("BOP") at the United States Penitentiary in Bruceton Mills, West Virginia, brings this action pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Crowley alleges that defendants Rebecca Miller, David Putoff and William F. Wilson, M.D. failed to provide or delayed treatment for multiple fractures to his right hand in violation of the Eighth Amendment while he was housed at the Federal Correctional Complex in Terre Haute, Indiana ("FCC Terre Haute"). The defendants move to dismiss, or in the alternative for summary judgment—not on the merits, but based on the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997 ("PLRA").[1]

---

[1] Also pending, is the plaintiff's motion for clarification [dkt. 44]. This motion is **granted** to the extent that the **clerk is directed** to include a copy of the docket numbers 1, 36, and 41 along with the plaintiff's copy of this Entry.

1

## I. Standard of Review

A court is to enter summary judgment when sought if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To survive a motion for summary judgment, "the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772-73 (7th Cir. 2012). To survive summary judgment there must be evidence on which the jury could reasonably find for the nonmoving party, and the nonmoving party must point to specific facts showing that there is a genuine issue for trial. Inferences relying on mere speculation or conjecture will not suffice. *Trade Finance Partners, LLC v. AAR Corp.*, 573 F.3d 401, 406-407 (7th Cir. 2009) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986), *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008)).

The applicable substantive law will dictate which facts are material. *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

The substantive law applicable to the motion for summary judgment is that the PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ' 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The PLRA requires a

2

prisoner to exhaust "administrative remedies as are available" before filing suit under 42 U.S.C. § 1983 or "any other Federal law." 42 U.S.C. § 1997e(a); *see also Jones v. Bock,* 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). The exhaustion prerequisite applies to all inmate suits about prison life. *See Porter v. Nussle,* 534 U.S. 516, 532 (2002); *Booth v. Churner,* 532 U.S. 731, 741 (2001). Moreover, Crowley must "properly" exhaust his claims by complying with the BOP's administrative remedy process. *See Woodford v. Ngo,* 548 U.S. 81, 90–91 (2002) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ....").

**Facts**

That following facts, unopposed by Crowley and supported by admissible evidence are accepted as true:

The BOP has promulgated an administrative remedy system which is the process by which an inmate may seek formal review of a complaint related to any aspect of his confinement. See 28 C.F.R. §§ 542.10, et seq. and BOP Program Statement (PS) 1330.17. Inmates have access to BOP Program Statement 1330.17 through the institution law library and the administrative remedy filing procedures are outlined in an Inmate Information Handbook provided to all inmates upon initial intake to the FCC Terre Haute. All requests for administrative remedy filed by inmates are logged and tracked in the SENTRY computer program, which is an electronic record keeping system utilized by the Bureau of Prisons.

The sequence and details of the BOP exhaustion procedure relevant to this action are the following:

- An inmate must first file an informal remedy request through appropriate

3

- institution staff members (BP-8).
- If the inmate is not satisfied with the informal remedy response, he is first required to address his complaint on which the basis for the request occurred within twenty (20) calendar days to the Warden (BP-9).
- If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director (BP-10) within twenty calendar days of the date of the Warden's response.
- If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel (BP-11) within thirty (30) calendar days of the Regional Director's response.
- After filing administrative remedies at all three required levels, the inmate's administrative remedies are exhausted as to the specific issues raised.

Between August 28, 2012, (the date of the altercation he referenced in his Complaint) and February 22, 2013, (the date this lawsuit was filed) Crowley filed six administrative remedy requests. None of these administrative remedy requests were fully exhausted.

**Discussion**

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, the defendants bear the burden of demonstrating that Crowley failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681. The defendants have met their burden of proving that Crowley "had available remedies that [he] did not utilize." *Dale,* 376 F.3d at 656. Given his wholesale failure to respond, Crowley has not identified a genuine issue of material fact supported by admissible evidence which counters the facts offered by the defendants that

establish Crowley's failure to pursue all steps in the grievance process.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Crowley's lawsuit should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice."); *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating").

## Conclusion

The motion for summary judgment [dkt 31] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/27/2014

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

RICHARD VANCE CROWLEY
Reg. No. 10596-003
USP Hazelton
Inmate Mail/Parcels
P.O. BOX 2000
Bruceton Mills, WV  26525

All Electronically Registered Counsel